**James Manuel HAIRSTON, Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68–C–4–D.**

United States District Court
W. D. Virginia,
Danville Division.

April 10, 1968.

Overton P. Pollard, Asst. Atty. Gen., Richmond, Va., for respondent.

**OPINION and JUDGMENT**

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus, filed in forma pauperis by a State prisoner pursuant to the provisions of 28 U.S.C. § 2254.

Petitioner is currently serving a term of forty years in the Virginia State Penitentiary, pursuant to a conviction of robbery by violence by the Circuit Court of Pittsylvania County on September 26, 1949. At his trial, petitioner was represented by court appointed counsel. Petitioner did not make a timely appeal of his conviction to the Virginia Supreme Court of Appeals.

A habeas corpus hearing was conducted by the state court in Pittsylvania County on January 19, 1967, as a result of a petition by the prisoner. Petitioner was represented by court appointed counsel and was afforded an opportunity to present testimony in his own behalf. The writ was denied by an order entered January 27, 1967. The petitioner's writ of error was denied by the Supreme Court of Appeals of Virginia on January 17, 1968.

Petitioner now seeks a writ of habeas corpus from this court alleging (1) arrest without probable cause (2) inadequate representation of counsel (3) illegal identification procedure (4) denial of due process of law and equal protection of the laws. The petitioner has clearly exhausted his available state remedies as to the first two allegations. The remaining two allegations are very general and this court will deal with the facts underlying petitioner's last two allegations, rather than with the vague wording of the allegations themselves. Thus to present this case in an orderly fashion, it is necessary to discuss the relevant facts as they relate to each particular allegation.

There is no merit to petitioner's first allegation that he was arrested without probable cause. The arresting officers testified that petitioner was

first picked up for questioning. In conducting a general investigation the police discovered that petitioner had been in the vicinity of the crime and petitioner possessed a knife fitting the description of the knife used in perpetrating the crime. The police picked up petitioner for questioning and advised petitioner of his right to remain silent, whereupon petitioner confessed to the crime. It is clear that there was sufficient probable cause to arrest the petitioner.

█ Petitioner's second allegation as to inadequate representation of counsel is also without merit. Petitioner's trial counsel testified that petitioner did not want any help from his counsel. Petitioner told his attorney that he didn't want a jury and didn't have any defenses; petitioner's only concern was to gain mercy and avoid a possible death sentence. The attorney was appointed two days before trial and visited the petitioner several times in order to prepare a defense. In these visits petitioner refused to offer any alibi, defense or witness that petitioner wanted to make use of. The courts must provide indigent defendants with competent counsel who are ready, willing and able to assist a defendant charged with a felony, but the courts cannot require a defendant to make use of such counsel. This court feels that petitioner's counsel tried and did aid petitioner to the best of counsel's ability.

█ It is impossible to understand just what grounds petitioner is putting forth in his last two allegations, accordingly, the allegations must be dismissed. Apparently, allegations three and four are merely redundant expressions of the points this court considered in the first two allegations, or in the alternative these allegations raise grounds which have not been raised in the state courts. It is therefore adjudged and ordered that allegations three and four of the current petition are dismissed without prejudice to the further prosecution thereof, upon a verified showing that petitioner has exhausted his state remedies.

For the reasons stated in this opinion and upon mature consideration of the facts relied upon by petitioner in the case at bar, this court feels that allegations one and two are without merit. Therefore, it is hereby adjudged and ordered that allegations one and two of the petition for habeas corpus be and hereby are denied.